NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| TONY JACKSON, | ) |
| | ) |
| Petitioner, | )   Civil Action No. 7: 05-234-DCR |
| | ) |
| V. | ) |
| | ) |
| SUZANNE HASTINGS, Warden, | )   **MEMORANDUM OPINION** |
| | )   **AND ORDER** |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Tony Jackson, an individual currently incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has moved for permission to proceed *in forma pauperis*. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

Jackson challenges a parole violator detainer and a hearing on the revocation of his parole. He claims that his current status violates District of Columbia and United States statutes, parole regulations, his First Amendment right to express himself, and his Fifth Amendment due process and equal protection rights. The following is a summary or construction of the allegations contained in the handwritten petition or attachments to the petition. [Record No. 1]

On February 1, 2005, the U.S. Parole Commission (the Commission) held a hearing, and the resulting Notice of Action indicates that it found that Jackson had violated the conditions of release in four separate respects; that new sentences had been imposed; and that the following had been decided by the Commission:

> Execute the U.S. Parole Commission's warrant currently lodged as a detainer on your release from the new sentence. Upon execution of the warrant, the unexpired portion of your D.C. sentence shall commence.

*See* Notice of Action, dated February 16, 2005.

As grounds for his claims, Jackson asserts that a parole revocation hearing is mandated to occur no later than 60 days after arrest, but he "was overlooked for a revocation hearing for approximately (6) years and (8) months." As a result, Jackson claims that his incarceration since 1999 has been unconstitutional. Jackson proceeds to argue legal truisms such as "an agency must follow its own regulations" and "due process requires that before a parole authority's final decision on revoking parole, the parolee be given an opportunity for a hearing." He cites a number of cases in support of these principles including *Morrissey v. Brewer*, 408 U.S. 471 (1972), and its progeny.

Jackson asks that: (1) the Commission's detainer be removed; (2) his time spent on parole be reinstated; and (3) an initial parole revocation hearing be conducted.

## DISCUSSION

As an initial matter, the Court notes that, insofar as Jackson has received an adverse federal parole determination, he may bring a habeas corpus proceeding only after he has availed himself of the available administrative procedures for review of that decision. *Little v. Hopkins*,

638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); *see Talerico v. Warden, U.S. Penitentiary*, 391 F. Supp. 193 (M.D. Pa. 1975).  The administrative remedy available to a federal or D.C. parolee or prisoner who wants to appeal a decision regarding his parole is contained in 28 C.F.R. §2.26.  Specifically, §2.26 provides that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . . , rescind, deny or revoke parole . . . ."  A list of grounds for appeal is further provided in §2.26.  Such an appeal must be filed within thirty (30) days of the date of entry of such decision.  *Id.*

In the case at hand, Jackson does not allege that he exhausted the Commission's administrative appeal process to the National Appeals Board.  However, the Commission's Notice of Action of February 16, 2005, explicitly provides, "THE ABOVE DECISION IS APPEALABLE" then gives instructions on obtaining the proper appeal forms and filing them within 30 days.

Jackson apparently went so far as to obtain a Commission appeal form, as a completed Parole Form I-22 dated March 11, 2005, is attached to his petition.  He has checked all of the grounds for appeal on the form, (a) through (g), except for (e), the ground of significant information not known to the prisoner/parolee at the time of the hearing.  Jackson has also attached a 6-page, typewritten argument which is similar to that in the body of his petition, *e.g.*, claiming no "revocation hearing[s] during the entire six (6) years and eight (8) months I've been reincarcerated [sic]" also citing *Morrissey v. Brewer*, *supra*.

However, there is no allegation or evidence that Jackson timely filed his appeal documents.  And because he has not demonstrated that he first exhausted the Commission's

administrative remedies, his claims are not properly before this Court. Therefore, this action will be dismissed, without prejudice.

One rationale for the judicial requirement of exhaustion of administrative remedies is to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). A complete record regarding Jackson's claim is not yet before this Court. And until there is an administrative record, the Court will not express an opinion regarding the merits of the claims asserted in this action.

## CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1) Petitioner Jackson's motion to proceed *in forma pauperis* [Record No. 3] is **GRANTED**;

(2) Jackson's petition for writ of habeas corpus is **DENIED**; and

(3) This action is **DISMISSED**, *sua sponte,* from the Court's docket.

This 27th day of September, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge